**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00102-MR**

| | | |
|---|---|---|
| **WINDY CITY INNOVATIONS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **FACEBOOK, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Seal [Doc. 23].

The Defendant Facebook, Inc. ("Facebook") moves for leave to file under seal its Memorandum in support of its Motion to Transfer Venue ("Memorandum") and the Declaration of Jeremy Jordan ("Jordan Declaration"). Specifically, Facebook seeks permanent sealing of the names of certain Facebook employees identified on pages 3 and 13 of the Memorandum and in paragraphs 5 and 7 of the Jordan Declaration. The Plaintiff does not oppose Facebook's motion to seal.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749

F.3d 246, 265 (4th Cir. 2014).  "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'"  Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

Here, Facebook has failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to these documents, under either the First Amendment or the common law.  As grounds for its motion, Facebook contends that sealing of these names "is necessary to protect confidential and sensitive business and personnel information concerning Facebook and its employees," and that "[p]ublic knowledge of this confidential information could give competitors a distinct competitive advantage over Defendant and impose on the privacy of Facebook's employees."  [Doc. 24 at 3].  These assertions, however, are entirely conclusory and speculative.  The Court cannot permit the sealing of a document in a civil case "based on unsubstantiated or speculative claims

of harm . . . ." Public Citizen, 749 F.3d at 270.  Facebook offers only speculation that public knowledge of the identities of these Facebook employees could give its competitors a distinct advantage.  See Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm, 278 F.R.D. 136, 142-43 (D. Md. 2011) (denying motion to seal identities of employees where company claimed that competitors could use information to "poach" its employees; company failed to provide any "specific demonstrations of fact" or "concrete examples" of such conduct by its competitors).  Further, Facebook has not shown how identifying those employees who may be potential witnesses in this action unduly imposes on their privacy.

For these reasons, Facebook's motion to seal is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion to Seal [Doc. 23] is **DENIED**.  The Defendant shall file an unredacted version of the Memorandum and the Jordan Declaration within five (5) days of the entry of this Order.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge