COOLEY LLP
HEIDI L. KEEFE (178960)
hkeefe@cooley.com
MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
PHILLIP E. MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WINDY CITY INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 4:16-cv-01730-YGR<br><br>**DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFF WINDY CITY, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Facebook, Inc. ("Facebook") hereby responds to Windy City Innovations, LLC's ("Plaintiff's") Complaint for Patent Infringement ("Complaint"), as follows:

## **THE PARTIES**

1. Facebook lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, therefore, denies them.

2. Facebook admits that it is a Delaware corporation with its headquarters at 1601 Willow Road, Menlo Park, California 94025. Facebook admits that it is registered to conduct business in the State of North Carolina and that it has designated Corporation Service Company, 327

Hillsborough St., Raleigh, North Carolina 27603 as its agent for service of process.

**JURISDICTION AND VENUE**

3. The allegations in paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Facebook admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* to which the Court would have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Facebook admits that, through a subsidiary, it operates a data center located in Forest City, NC, including a building located at 284 Social Circle, Forest City, NC 28043. Facebook denies that it has engaged in systematic and continuous activities in North Carolina. Facebook denies that it is subject to personal jurisdiction in the Western District of North Carolina with respect to the claims in the present action. Facebook denies that it has committed any act of infringement.

5. Facebook denies that venue is proper in the Western District of North Carolina with respect to the claims in the present action, and denies that judicial district is the most convenient forum for the parties and witnesses or in the interests of justice. Facebook denies that it is subject to personal jurisdiction in the Western District of North Carolina with respect to the claims in the present action. By filing this answer, Facebook does not waive any argument that venue is not proper in the Western District of North Carolina. Facebook denies that it has committed any act of infringement.

**PATENTS-IN-SUIT**

6. Facebook admits that U.S. Patent No. 8,407,356 ("the '356 patent") is titled "Real Time Communications System." Facebook admits that on its face, the '356 patent bears an issuance date of March 26, 2013. Facebook admits that Exhibit A attached to the Complaint appears to be a copy of the '356 patent. Facebook denies that the '356 patent is valid. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint and, therefore, denies them.

7. Facebook admits that U.S. Patent No. 8,458,245 ("the '245 patent") is titled "Real Time Communications System." Facebook admits that on its face, the '245 patent bears an issuance

date of June 4, 2013. Facebook admits that Exhibit B attached to the Complaint appears to be a copy of the ’245 patent. Facebook denies that the ’245 patent is valid. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint and, therefore, denies them.

8. Facebook admits that U.S. Patent No. 8,473,552 (“the ’552 patent”) is titled “Communications System.” Facebook admits that on its face, the ’552 patent bears an issuance date of June 25, 2013. Facebook admits that Exhibit C attached to the Complaint appears to be a copy of the ’552 patent. Facebook denies that the ’552 patent is valid. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint and, therefore, denies them.

9. Facebook admits that U.S. Patent No. 8,694,657 (“the ’657 patent”) is titled “Real Time Communications System.” Facebook admits that on its face, the ’657 patent bears an issuance date of April 8, 2014. Facebook admits that Exhibit D attached to the Complaint appears to be a copy of the ’657 patent. Facebook denies that the ’657 patent is valid. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint and, therefore, denies them.

10. Facebook lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, therefore, denies them.

## FACTUAL ALLEGATIONS

11. Denied.

12. Facebook lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, therefore, denies them.

13. Facebook lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, therefore, denies them.

14. Facebook admits that on its face, the ’356, ’245, ’552, and ’657 patents each appear to list Daniel Marks as the named inventor. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint and, therefore, denies them.

15. Facebook lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and, therefore, denies them.

16. Facebook admits that it owns and operates the website located at http://www.facebook.com. To the extent a response is required, Facebook denies the remaining allegations of paragraph 16 of the Complaint.

17. Facebook admits that it derives revenue from advertising. To the extent any additional response is required, Facebook denies the remaining allegations of paragraph 17 of the Complaint.

18. Facebook admits that it offers mobile applications, including a Facebook mobile application and a Facebook Messenger application. To the extent any additional response is required, Facebook denies the remaining allegations of paragraph 18 of the Complaint.

19. Facebook admits that certain Facebook mobile applications, including a Facebook mobile application and a Facebook Messenger application, may be downloaded for certain mobile devices. To the extent any additional response is required, Facebook denies the remaining allegations of paragraph 19 of the Complaint.

20. The allegations in paragraph 20 of the Complaint state a definition to which no response is required. To the extent a response is required, Facebook denies the allegations of paragraph 20 of the Complaint.

## COUNT ONE: ALLEGED PATENT INFRINGEMENT BY FACEBOOK

21. Facebook incorporates the preceding paragraphs herein by reference.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Facebook admits that it received copies of the ’356, ’245, ’552, and ’657 patents when it was served with a copy of the Complaint. Facebook denies the remaining allegations in paragraph 26 of the Complaint.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Facebook denies that Plaintiff is entitled to any relief whatsoever from Facebook, as prayed for or otherwise.

## AFFIRMATIVE DEFENSES

Without altering any applicable burdens of proof, Facebook alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

Facebook does not infringe and has not infringed, literally or under the doctrine of equivalents, and either directly or indirectly, any valid claim of the '356, '245, '552, and '657 patents.

### SECOND AFFIRMATIVE DEFENSE – PATENT INVALIDITY

One or more claims of the '356, '245, '552, and '657 patents are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

Plaintiff is barred, in whole or in part, from seeking any relief because of laches, waiver, acquiescence, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

Plaintiff is barred or limited from recovery, in whole or in part, by the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF

Plaintiff's demand to enjoin Facebook is barred, at least because Plaintiff has suffered neither

harm nor irreparable harm from Facebook's actions.

**SIXTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES**

Plaintiff is barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 286, 287, and/or 288 and/or 28 U.S.C. § 1498.

**OTHER AFFIRMATIVE DEFENSES**

Facebook reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## FACEBOOK'S PRAYER FOR RELIEF

WHEREFORE, Facebook prays this Court enter judgment:

A. In favor of Facebook and against Plaintiff, thereby dismissing Plaintiff's Complaint in its entirety, with prejudice, with Plaintiff taking nothing by way of its claims;

B. That Facebook has not infringed, contributorily infringed, or induced the infringement of any valid claim of the '356, '245, '552, and '657 patents;

C. That all asserted claims of the '356, '245, '552, and '657 patents are invalid and/or unenforceable;

D. That this is a case that stands out from others and thus an exceptional case under 35 U.S.C. § 285, and ordering Plaintiff to pay Facebook reasonable attorneys' fees incurred in this action;

E. That Plaintiff pay all costs incurred by Facebook in this action; and

F. Awarding Facebook all other relief the Court deems just and proper.

## JURY DEMAND

Facebook respectfully requests a trial by jury on all issues so triable.

Dated: June 28, 2016

COOLEY LLP
HEIDI L. KEEFE
MARK R. WEINSTEIN
PHILLIP E. MORTON

/Heidi L. Keefe/
Heidi L. Keefe (CA Bar No. 178960)
Attorneys for Defendant
Facebook, Inc.