# EXHIBIT A

| | Claim Language (Disputed Terms in Bold) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|---|
| 1 | **Censored**<br><br>Found in claim numbers:<br><br>'657 Patent: 203, 209, 215, 221 [term appears in independent claim 189 and dependent claims 202, 208, 214, and 220] | **Censored**<br><br>**PROPOSED CONSTRUCTION:** "control what is said in a group"<br><br>**INTRINSIC EVIDENCE:**<br><br>'245, 8:36-41; 42-44;<br><br>IPR2016-01159, Final Written Decision (Paper 52), at 10<br><br>**EXTRINSIC EVIDENCE:**<br><br>Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones regarding this term, including how a person having ordinary skill in the art would have understood this claim phrase in light of the intrinsic and extrinsic evidence, and responding to any evidence offered by Facebook. | **Censored**<br><br>**PROPOSED CONSTRUCTION:** No separate construction necessary.<br><br>**INTRINSIC EVIDENCE:**<br><br>'245, 8:36-50, 10:15-21[1]<br><br>'356 patent prosecution, 10/16/2012 Final Rejection, at 3-4<br><br>'657 patent prosecution, 4/17/2012 Declaration of Prof. Lee A. Hollaar, at 2-4; 9/27/2007 Interview Summary, at Continuation Sheet; 12/17/2008 Interview Summary, at Continuation Sheet<br>'245 patent prosecution, 12/3/2010 Pre-Appeal Brief Request for Review, at 2-3<br><br>**EXTRINSIC EVIDENCE:**<br><br>Facebook may rely upon expert testimony from Stephen Gray responding to any evidence offered by Windy City. |
| | **Plaintiff's Impact Statement:** Plaintiff's proposed construction is the same construction adopted by the PTAB for this term under the *Phillips* standard. Plaintiff does not believe that adopting either of the parties' proposal would be case-dispositive. | | |
| | **Defendant's Impact Statement:** Defendant does not believe this proposed construction will have any meaningful impact on the merits of this case. | | |
| 2 | **The first user identity is individually censored from sending data in the communications**<br><br>Found in claim numbers:<br><br>'657 Patent: 189 | **The first user identity is individually censored from sending data in the communications**<br><br>**PROPOSED CONSTRUCTION:** "control of data sent by the first user identity, individually, and is not limited to data suppressed based on the content of those data or by a moderator"<br><br>**INTRINSIC EVIDENCE:** | **The first user identity is individually censored from sending data in the communications**<br><br>**PROPOSED CONSTRUCTION:** No construction necessary.<br><br>**INTRINSIC EVIDENCE:** |

---

[1] For purposes of this filing, the parties may cite to the '245 patent specification to represent the disclosures common to the shared written description of the '245 and '657 patents.

| Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | '657, 8:10-19;<br><br>IPR2016-01159, Final Written Decision (Paper 52), at 10.<br><br><br>**EXTRINSIC EVIDENCE:**<br><br>Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones regarding this term, including how a person having ordinary skill in the art would have understood this claim phrase in light of the intrinsic and extrinsic evidence, and responding to any evidence offered by Facebook. | '245, 8:36-50, 10:15-21<br><br>'356 patent prosecution, 10/16/2012 Final Rejection, at 3-4<br><br>'552 patent prosecution, 8/1/2011 Amendment and Response, at 19<br><br>'657 patent prosecution, 4/17/2012 Declaration of Prof. Lee A. Hollaar, at 2-4; 7/20/2011 Response, at 2<br><br>'245 patent prosecution, 12/3/2010 Pre-Appeal Brief Request for Review, at 2-3<br><br>**EXTRINSIC EVIDENCE:**<br><br>Facebook may rely upon expert testimony from Stephen Gray responding to any evidence offered by Windy City. |

**Plaintiff's Impact Statement:** Plaintiff's proposed construction is the same construction adopted by the PTAB for this term under the *Phillips* standard. Plaintiff does not believe that adopting either of the parties' proposal would be case-dispositive.

**Defendant's Impact Statement:** If the Defendant's proposed construction is adopted, the scope of allegedly infringing activity may be reduced.

| | Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|---|
| 3 | **Determining that the first user identity is censored from the sending of the data presenting the [video/audio/graphic/multimedia]**<br><br>Found in claim numbers:<br><br>'657 Patent: 203, 209, 215, 221 | **Determining that the first user identity is censored from the sending of the data presenting the [video/audio/graphic/multimedia]**<br><br>PROPOSED CONSTRUCTION: No separate construction necessary.<br><br><br><br>INTRINSIC EVIDENCE:<br><br>'657, 8:10-19<br><br>'657 Patent, claims 189 and 204<br><br>IPR2016-01155, Transcript of Oral Hearing (Paper 62), at 8-11<br><br>IPR2016-1159 Final Written | **Determining that the first user identity is censored from the sending of the data presenting the [video/audio/graphic/multimedia]**<br><br>PROPOSED CONSTRUCTION: determining that the first user identity is not permitted to send the data presenting the [video / audio / graphic / multimedia] because the type of data is [video / audio / graphic / multimedia]<br><br>INTRINSIC EVIDENCE:<br><br>'657, 8:10-19<br><br>'356 patent prosecution, 10/16/2012 Final Rejection, at 3-4<br><br>'552 patent prosecution, 9/16/2010 Fax from Trzyna to Winder, at 2; 10/26/2010 Fax Trzyna to Winder, |

| Claim Language (Disputed Terms in Bold) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | Decision (Paper 52), at 44-47<br><br>**EXTRINSIC EVIDENCE:**<br><br>Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones regarding this term, including how a person having ordinary skill in the art would have understood this claim phrase in light of the intrinsic and extrinsic evidence, and responding to any evidence offered by Facebook. | at 2<br><br>'657 patent prosecution, 4/17/2012 Declaration of Prof. Lee A. Hollaar, at 2-4; 12/17/2008 Interview Summary, at Continuation Sheet<br><br>IPR2016-1159 Final Written Decision at 44-47; IPR2016-1159 Suppl. Patent Owner Response at 9-10; Transcript of Oral Hearing, IPR2016-1159 (Paper 51), at 9-11<br><br>IPR2016-01157 Final Written Decision (Paper 47), at 10-13<br><br>IPR2016-01067 Final Written Decision (Paper 65), at 38-39<br><br>IPR2016-01156 Institution Decision (Paper 7), at 25<br><br>**EXTRINSIC EVIDENCE:**<br><br>Facebook may rely upon expert testimony from Stephen Gray responding to any evidence offered by Windy City.<br><br>*See also Soque Holdings (Berbuda Ltd. v. Keyscan, Inc.*, 2010 WL 2292316 (N.D. Cal. Jun. 7, 2010) (Patel, J.). |

**Plaintiff's Impact Statement:** Facebook's proposed construction is not case-dispositive. Even if the Court were to adopt Facebook's proposed construction, factual issues would remain in this case, including with respect to Facebook's infringement. Facebook's proposed construction was not one adopted by the PTAB and Windy City contends that the presumption that claim terms carry their plain and ordinary meaning as understood by a person of ordinary skill in the art at the time of the invention applies here.

**Defendant's Impact Statement:** If the Defendant's proposed construction is adopted, Facebook will have additional support for its defense that Facebook does not infringe of the remaining asserted claims of the '657 patent.

| 4 | **Real time / real-time**<br><br>Found in claim numbers:<br><br>'245 Patent: 19<br>'657 Patent: 189 | Real time / real-time<br><br>**PROPOSED CONSTRUCTION:** No construction necessary<br><br>**INTRINSIC EVIDENCE:**<br><br>The Abstract, Field of the | Real time / real-time<br><br>**PROPOSED CONSTRUCTION:** "immediately, without being stored on a server"<br><br>**INTRINSIC EVIDENCE:**<br><br>'245, 1:47-50, 2:28-34, 5:19-25, |

| Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | Invention, Background of the Invention sections;<br><br>'245, 2:28-34; 8:42-44; 8:43-50; 14:29-32; 19:40-48.<br><br>IPR2016-01156 (Paper 1) at 19, 41, 54, 58, 59, 61, 62<br><br>IPR2016-01156 (Paper 31), at 20<br><br>IPR2016-01156, Exhibits 1003, 1005, 1008.<br><br>**EXTRINSIC EVIDENCE:**<br><br>Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones regarding this term, including how a person having ordinary skill in the art would have understood this claim phrase in light of the intrinsic and extrinsic evidence, and responding to any evidence offered by Facebook. | Abstract, Title<br><br>'245 patent prosecution, 3/12/2012 Request for Reconsideration, at 4-5; 7/5/2012 Amendment After Final Rejection and Response, at 2-3<br><br>'657 patent prosecution, 3/21/2005 Amendment and Response, at 181; 4/17/2012 Declaration of Prof. Lee A. Hollaar, at 2-3<br><br>'552 patent prosecution, 9/18/2008 Amendment and Response, at 16-17; 8/1/2011 Amendment and Response; 3/23/2012 Amendment and Request for Reconsideration, at 26-29<br><br>IPR2016-01067 Final Written Decision (Paper 65), at 33<br><br>IPR2016-01156 Patent Owner Preliminary Response (Paper 6), at 23<br><br>**EXTRINSIC EVIDENCE:**<br><br>Facebook may rely upon expert testimony from Stephen Gray responding to any evidence offered by Windy City. |

**Plaintiff's Impact Statement:** Facebook's proposed construction is not case-dispositive. Even if the Court were to adopt Facebook's proposed construction, factual issues would remain in this case, including with respect to Facebook's infringement. Facebook's proposed construction was not one adopted by the PTAB and Windy City contends that the presumption that claim terms carry their plain and ordinary meaning as understood by a person of ordinary skill in the art at the time of the invention applies here.

**Defendant's Impact Statement:** If the Defendant's proposed construction is adopted, Facebook will have additional support for its defense that Facebook does not infringe the remaining asserted claims.

| 5 | **Pointer**<br><br>Found in claim numbers:<br><br>'245 Patent: 19, 22 | **Pointer**<br><br>**PROPOSED CONSTRUCTION:** "a link or reference to a file, data, or service"<br><br>**INTRINSIC EVIDENCE:**<br><br>'245, 5:36-41 | **Pointer**<br><br>**PROPOSED CONSTRUCTION:** "information that contains the location of some other data"<br><br>**INTRINSIC EVIDENCE:**<br><br>'245, 5:35-41, 7:44-55, 9:7-15, 10:45-11:1, Fig. 25 |

| Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | IPR2016-01155, Final Written Decision (Paper 63), at 10 | '657 patent prosecution, 3/21/2005 Amendment and Response; 4/17/2012 Declaration of Prof. Lee A. Hollaar, at 4-5 |
| | **EXTRINSIC EVIDENCE:** | '552 patent prosecution, 1/19/2010 Amendment and Response at 16-17 |
| | Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones regarding this term, including how a person having ordinary skill in the art would have understood this claim phrase in light of the intrinsic and extrinsic evidence, and responding to any evidence offered by Facebook. | '552 patent prosecution, 9/16/2010 Fax from Trzyna to Winder, at 2-3; 10/26/2010 Fax Trzyna to Winder, at 2 |
| | | '245 patent prosecution, 3/12/2012 Request for Reconsideration, at 5-6; 7/5/2012 Amendment After Final Rejection and Response, at 20-21 |
| | | IPR2016-01156 Institution Decision (Paper 7), at 3-4, 23 |
| | | **EXTRINSIC EVIDENCE:** |
| | | Microsoft Computer Dictionary, 3rd Edition (1997) (definitions of "pointer", "URL" and "Uniform Resource Identifier") |
| | | Facebook may rely upon expert testimony from Stephen Gray responding to any evidence offered by Windy City. |

**Plaintiff's Impact Statement:** Plaintiff's proposed construction is the same construction adopted by the PTAB for this term under the *Phillips* standard. Plaintiff does not believe that adopting either of the parties' proposal would be case-dispositive.

**Defendant's Impact Statement:** If the Defendant's proposed construction is adopted, the scope of allegedly infringing activity may be reduced.

| 6 | **Other programs** | **Other programs** | **Other programs** |
|---|---|---|---|
| | Found in claim numbers: | **PROPOSED CONSTRUCTION**: No construction necessary; not indefinite. | **PROPOSED CONSTRUCTION:** Indefinite. |
| | '245 Patent: 19 '657 Patent: 189 | | *See, e.g. Nautilus, Inc v. Biosig Instruments, Inc.*, 134 S.Ct. 2120 (2014). |
| | | **INTRINSIC EVIDENCE:** | **INTRINSIC EVIDENCE:** |
| | | The Abstract, Field of the | '245, 2:35-37, 5:19-35, 5:53-56, |

| Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | Invention, Background of the Invention sections;<br><br>'245, 2:35-43; 2:44-50; 4:53-59; 4:60-64; 7:56-60; 8:10-18; 8:62-63; 32; 5:50-51; and 7:29-31.<br><br>FIG. 1;<br><br>All independent claims in the Patents-in-Suit;<br><br>The prosecution history of the Patents-in-Suit, including '356 patent prosecution, 8/3/2011 Amendment and Response; 2/3/2012 Office Action at 6.<br><br>IPR2016-01156 Facebook Petition for *Inter Partes* Review (Paper 1), at 11, 12, 29-31; Facebook Reply (Paper 31), at 17<br><br>IPR2016-01157 Facebook Petition for *Inter Partes* Review (Paper 1), at 20, 29-31.<br><br>IPR2016-01158 Facebook Petition for *Inter Partes* Review (Paper 1), at 22-23.<br><br>IPR2016-01156, Facebook Petition for *Inter Partes* Review (Paper 1) at Ex. 1002 (Levian Decl.) at ¶¶ 68-74.<br><br>IPR2016-01156. Transcript of Oral Hearing (Paper 51), at 23:4-25, 24:20-25:8, 25:16-26:6, 34:1-9, 35:24-37:20.<br><br>**EXTRINSIC EVIDENCE:**<br><br>Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones regarding this term, including how a person having ordinary skill in the | 7:56-60, 8:11-14, Figs. 1, 2, Abstract<br><br>Transcript of Oral Hearing, IPR2016-1159 (Paper 51), at 24-26, 35-38, 57-72<br><br>**EXTRINSIC EVIDENCE:**<br><br>Facebook may rely upon expert testimony from Stephen Gray that this claim language in context fails to inform, with reasonable certainty, those skilled in the art about the scope of the claimed invention. |

| | Claim Language (Disputed Terms in Bold) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|---|
| | | art would have understood this claim phrase in light of the intrinsic and extrinsic evidence, and responding to any evidence offered by Facebook. | |

**Plaintiff's Impact Statement:** Determining that this claim term is indefinite would invalidate each asserted claim in this case, and as such may be case-dispositive. The claim term is present in the majority of Windy City's independent claims included in numerous patents that have been prosecuted at the United States Patent Office, that have been licensed to others, and that were subject to Facebook's *inter partes* review challenges.

**Defendant's Impact Statement:** If the Defendant's proposed construction is adopted, all remaining asserted claims will be invalid.

| 7 | **Obtaining an agent with an ability to present the pre-stored data**<br><br>Found in claim numbers:<br><br>'245 Patent: 19 | **Obtaining an agent with an ability to present the pre-stored data**<br><br>PROPOSED CONSTRUCTION: No construction necessary; not indefinite.<br><br><br><br>INTRINSIC EVIDENCE:<br><br>'245, 7:34-43; 10-55-11:3;<br><br>FIGs. 6, 25, 26;<br><br>The prosecution history of the Patents-in-Suit, including '245 patent prosecution, 4/5/2013 Notice of Allowance.<br><br>IPR2016-01156 Facebook Petition for *Inter Partes* Review (Paper 1), at 14, 15, 42-55.<br><br>IPR2016-01156, Facebook Petition for *Inter Partes* Review (Paper 1) at Ex. 1002 (Lavian Decl) at ¶¶ 46-47, 91-102.<br><br><br>EXTRINSIC EVIDENCE:<br>Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones | **Obtaining an agent with an ability to present the pre-stored data**<br><br>PROPOSED CONSTRUCTION: Indefinite.<br><br>*See, e.g., IPXL Holdings, L.L.C. v. Amazon.com, Inc.,* 430 F.3d 1377 (Fed. Cir. 2005)<br><br>INTRINSIC EVIDENCE:<br><br>'245, 7:34-55, claim 19, Fig. 6<br><br>EXTRINSIC EVIDENCE:<br><br>Facebook may rely upon expert testimony from Stephen Gray that this claim language in context fails to inform, with reasonable certainty, those skilled in the art about the scope of the claimed invention. |

| | Claim Language (Disputed Terms in Bold) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|---|
| | | regarding this term, including how a person having ordinary skill in the art would have understood this claim phrase in light of the intrinsic and extrinsic evidence, and responding to any evidence offered by Facebook. | |

**Plaintiff's Impact Statement:** Determining that this claim term is indefinite would invalidate all asserted claims of the '245 patent and thus may be case-dispositive for the '245 patent. This claim term appears in many other patent claims throughout Windy City's patents that have been prosecuted at the United States Patent Office, that have been licensed to others, and that were subject to Facebook's *inter partes* review challenges.

**Defendant's Impact Statement:** If the Defendant's proposed construction is adopted, the remaining asserted claims in the '245 patent will be invalid.

| 8 | **Participator computer**<br><br>Found in claim numbers:<br><br>'245 Patent: 19 | **Participator computer**<br><br>PROPOSED CONSTRUCTION: No construction necessary; not governed by 35 U.S.C. §112(6); not indefinite.<br><br>This term is not governed by 35 U.S.C. § 112(6). The structure is the participator computer recited in the claims.<br><br>If this claim term was subject to 35 U.S.C. § 112(6), which it is not, the function includes being communicatively connected to the computer system, and internally determining whether or not the second participator computer can present the pre-stored data, and the corresponding structure includes, *e.g.*, the following: the participator computers of FIG. 1; FIG. 6; FIGs. 7-34; '245 at 1:19-25; 2:6-10; 2:21-25; 2:30-34; 2:35-43; 2:44-49; 4:60-5:41; 7:34-55; 10-55-11:3, the code submitted with the patent application for the Tellnet embodiment; the code submitted with the patent application for the Java embodiment, and equivalents thereof.<br><br>INTRINSIC EVIDENCE: | **Participator computer**<br><br>PROPOSED CONSTRUCTION: This term is governed by 35 U.S.C. § 112(6).<br><br>For claim 19 of the '245 patent, the function of the claimed "participator computer" includes, for the second participator computer: internally determining whether or not the second participator computer can present the pre-stored data . . .<br><br>Because the specification discloses no structure and algorithm for performing the claim functions, this term is indefinite.<br><br><br><br>INTRINSIC EVIDENCE:<br><br>'245, 1:17-26, 2:6-10, 2:21-27, 2:35-49, 5:1-41, 5:53-56, 7:56-60, 8:59-61, 9:46-49, Figs. 1, 2, Abstract<br><br>EXTRINSIC EVIDENCE:<br><br>Facebook may rely upon expert |

| Claim Language (Disputed Terms in Bold) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | All independent claims in the Patents-in-Suit; | testimony from Stephen Gray that this claim language in context fails to inform, with reasonable certainty, those skilled in the art about the scope of the claimed invention. |
| | The Abstract, Field of the Invention, and Background of the Invention sections; | |
| | The specification of the Patents-in-Suit, *e.g.* the passages described as corresponding structure above. | |
| | FIG. 1; | |
| | IPR2016-01156 Facebook Petition for *Inter Partes* Review (Paper 1), passim; Facebook Reply (Paper 31), at 17. | |
| | IPR2016-01157 Facebook Petition for *Inter Partes* Review (Paper 1), passim. | |
| | IPR2016-01158 Facebook Petition for *Inter Partes* Review (Paper 1), passim. | |
| | IPR2016-01158 Facebook Petition for *Inter Partes* Review (Paper 1), passim. | |
| | IPR2016-01156. Transcript of Oral Hearing (Paper 51), at 21:13-22:17, 25:11-26:3, 37:10-14. | |
| | **EXTRINSIC EVIDENCE:** | |
| | Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones regarding this term, including how a person having ordinary skill in the art would have understood this claim phrase in light of the intrinsic and extrinsic evidence, and responding to any evidence offered by Facebook. | |

**Plaintiff's Impact Statement:** Determining that this claim term is indefinite would invalidate all asserted claims of the '245 patent and thus may be case-dispositive for the '245 patent. This claim term appears in many other patent claims throughout Windy City's patents that have been prosecuted at the

| | Claim Language (Disputed Terms in Bold) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|---|
| | | United States Patent Office, that have been licensed to others, and that were subject to Facebook's *inter partes* review challenges. | |
| | | **Defendant's Impact Statement:** If the Defendant's proposed construction is adopted, the asserted claims of the '245 patent will be invalid. | |
| 9 | computer system<br><br>Found in claim numbers:<br><br>'245 Patent: 19<br>'657 Patent: 189 | computer system<br><br>**PROPOSED CONSTRUCTION:**<br>No construction necessary; not governed by 35 U.S.C. §112(6); not indefinite.<br><br>This term is not governed by 35 U.S.C. § 112(6). The structure is the computer system recited in the claims.<br><br><u>'245 Patent, Claim 19</u><br>If this claim term was subject to 35 U.S.C. § 112(6), which it is not, the function includes the communicating private messages, and the corresponding structure includes, *e.g.*, the following: the computer system depicted in FIGs. 1, 2, 3, 6; the following structure described at '245, 1:19-25; 2:3-5; 2:6-10; 2:11-14; 2:15-17; 2:18-27; 2:28-34; 2:35-43; 2:44-49; 4:60-5:41, 7:56-8:32, the code submitted with the patent application for the Tellnet embodiment; the code submitted with the patent application for the Java embodiment, and equivalents thereof.<br><br><u>'657 Patent, claim 189</u><br>If this claim term was subject to 35 U.S.C. § 112(6), which it is not, the function includes including a controller computer and a database which serves as a repository of tokens for other programs to access, thereby affording information to each of a plurality of participator computers which are otherwise independent of each other, and facilitating handling the Internet | computer system<br><br>**PROPOSED CONSTRUCTION:**<br>Indefinite<br><br>This term is governed by 35 U.S.C. § 112(6).<br><br><u>'245 Patent, Claim 19</u><br>*Function*:<br>(1) including a computer and a database which serves as a repository of tokens for other programs to access, thereby affording information to each of the participator computers which are otherwise independent of each other; and (2) communicating the private message to a second of the plurality of participator computers.<br><br>*Structure*:<br>Because the specification discloses no sufficient structure including algorithm for performing the claim functions, this term is indefinite.<br><br><u>'657 Patent, Claim 189</u><br>*Function*:<br>(1) including a controller computer and a database which serves as a repository of tokens for other programs to access, thereby affording information to each of a plurality of participator computers which are otherwise independent of each other, and (2) facilitating handling the Internet URL via the computer system so as to find content specified by the Internet URL.<br><br>*Structure*:<br>Because the specification discloses no sufficient structure including algorithm for performing the claim |

| Claim Language (Disputed Terms in Bold) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | URL via the computer system so as to find content specified by the Internet URL, and the corresponding structure includes, *e.g.*, the following: the computer system depicted in FIGs. 1, 2, 3, 6, 25, 26; the following structure described at '245, 1:19-25; 2:3-5; 2:6-10; 2:11-14; 2:15-17; 2:18-27; 2:28-34; 2:35-43; 2:44-49; 4:54-59; 4:60-5:41, 5:36-41; 7:44-55; 8:42-44; 8:59-67; 9:5-15; 10:45-11:3; the code submitted with the patent application for the Tellnet embodiment; the code submitted with the patent application for the Java embodiment, and equivalents thereof.

'657 Patent, claims 203, 209, 215 and 221

If this claim term was subject to 35 U.S.C. § 112(6), which it is not, the function includes the function described above for claim 189 and the further function: accessing via any of two client software alternatives, wherein both of the client software alternatives allow respective user identities to be recognized at least some of the participator computers to form at least one group in which members can send communications and receive communications, and the corresponding structure includes, *e.g.*, the following: the computer system depicted in FIGs. 1, 2, 4, 5, 6; the following structure described at '245, 1:19-25; 2:3-5; 2:6-10; 2:11-14; 2:15-17; 2:18-27; 2:28-34; 2:35-43; 2:44-49; 4:60-5:41, 7:56-8:32, the code submitted with the patent application for the Tellnet embodiment; the code submitted with the patent application for the Java embodiment, and equivalents thereof. | functions, this term is indefinite.

'657 Patent, Claims 203, 209, 215 and 221
*Function*: The function includes the function described above for claim 189 and the further function: accessing via any of two client software alternatives, wherein both of the client software alternatives allow respective user identities to be recognized and allow at least some of the participator computers to form at least one group in which members can send communications and receive communications.

*Structure:*
Because the specification discloses no sufficient structure including algorithm for performing the claim functions, this term is indefinite.

**INTRINSIC EVIDENCE**

'245 col. 1:17-26, 2:44-49, 4:60-67, 5:1-4, 5:14-35, 5:42-56, 8:12-15, Figs. 1, 2, Abstract

**EXTRINSIC EVIDENCE**

Facebook may rely upon expert testimony from Stephen Gray that this claim language in context fails to inform, with reasonable certainty, those skilled in the art about the scope of the claimed invention. |

| Claim Language (Disputed Terms in Bold) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | *Alternatively:* "a system that includes at least one computer" | |
| | **INTRINSIC EVIDENCE:** | |
| | The Abstract, Field of the Invention, and Background of the Invention sections; | |
| | The specification of the Patents-in-Suit, *e.g.* the passages described as corresponding structure above. | |
| | FIG. 1; | |
| | '245 Patent, claim 19; '657 Patent, claim 189; | |
| | IPR2016-01156, Facebook Petition for *Inter Partes* Review (Paper 1), at 5, 8, 16, 17, 26, 28, 29, 45, 51, 59. | |
| | IPR2016-01156, Facebook Reply (Paper 31), at 20 | |
| | IPR2016-01156. Transcript of Oral Hearing (Paper 51), at 41:24-42:2 and 19:21-20:11 | |
| | **EXTRINSIC EVIDENCE:** | |
| | *Sun Microsystems Inc v. Network Appliance*, 2009 U.S. Dist. LEXIS 48209 (N.D. Cal., May 29, 2009). | |
| | IEEE 100, The Authoritative Dictionary of IEEE Standards Terms, 7th Ed. | |
| | Windy City intends to rely on expert testimony in the form of a declaration from Dr. Mark Jones regarding this term, including how a person having ordinary skill in the art would have understood this claim phrase in light of the intrinsic | |

| | Claim Language (Disputed Terms in **Bold**) | **Plaintiff's Proposed Construction and Evidence in Support** | **Defendant's Proposed Construction and Evidence in Support** |
|---|---|---|---|
| | | and extrinsic evidence, and responding to any evidence offered by Facebook. | |

**Plaintiff's Impact Statement:** Determining that this claim term is indefinite would invalidate each asserted claims in this case, as this term appears in each of the asserted claims and in many independent patent claims throughout Windy City's patents, and thus may be case-dispositive. The claim term is present in many of Windy City's independent claims included in numerous patents that have been prosecuted at the United States Patent Office, that have been licensed to others, and that were subject to Facebook's *inter partes* review challenges.

**Defendant's Impact Statement:** If the Defendant's proposed constructions are adopted, all remaining asserted claims will be invalid.