**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Heidi L. Keefe (SBN 178960)
Mark R. Weinstein (SBN 193043)
Lowell D. Mead (SBN 223989)
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Phillip E. Morton (*pro hac vice*)
Emily E. Terrell (SBN 234353)
Stephen C. Crenshaw (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

Michael G. Rhodes (SBN 116127)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

**Attorneys for Defendant
FACEBOOK, INC.**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WINDY CITY INNOVATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 4:16-cv-01730-YGR<br><br>**DEFENDANT FACEBOOK, INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT**<br><br>**The Honorable Yvonne Gonzalez Rogers** |

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| Issue 1 (Windy City lacks standing to sue) | Fact 1. Dr. Daniel L. Marks is the sole inventor named on U.S. Patent No. 8,458,245 ("'245 patent").<br><br>Ex. 4 ['245 patent]. | |
| Issue 1 | Fact 2. The '245 patent is a continuation of U.S. Patent Appl. No. 09/399,578, filed on Sep. 20, 1999, which in turn is a continuation of application No. 08/617,658, which issued as U.S. Patent No. 5,956,491 ("'491 patent").<br><br>Ex. 4 ['245 patent]. | |
| Issue 1 | Fact 3. The '245 patent is in the same patent family and, other than minor typographical changes, shares the written description of the '491 patent.<br><br>Ex. 4 ['245 patent]; Ex. 11'491 patent]. | |
| Issue 1 | Fact 4. Dr. Marks was an employee of American Information Systems, Inc. ("AIS") from ███████ ████████████████████████ ███████ r UtiliCorp United, Inc. ("UtiliCorp").<br><br>Ex. 1 [Marks Tr. [1]] at 33:10-13; 35:23-25; 44:16-19; 189:8-12; 191:8-12; 193:11-19; 198:13-18; 199:22-200:4; 200:19-21; 201:19-24; 364:25-365:5. | |
| Issue 1 | Fact 5. The work done for the UtiliCorp chat system ██████ ███████████████████<br><br>Ex. 1 [Marks Tr.] at 145:8-19; 197:15-22; 198:5-12; 364:1-19. | |
| Issue 1 | Fact 6. On or about ████████ AIS sent ████████████████ ███████████████████ UtiliCorp.<br><br>Ex. 2 [Work for Hire Agreement]. | |

---

[1] Citations of "Marks Tr." refers to the Deposition of Daniel Marks taken on October 25, 2018.

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| Issue 1 | Fact 7. ██████████████ ██████ UtiliCorp. Ex. 2 [Work for Hire Agreement]. | |
| Issue 1 | Fact 8. ██████████████ to AIS. Ex. 2 [Work for Hire Agreement]. | |
| Issue 1 | Fact 9. The Work for Hire Agreement contains the following provision: "████████ ███████████████████ Ex. 2 at § V [Work for Hire Agreement]. | |
| Issue 1 | Fact 10. Dr. Marks' work on the UtiliCorp chat system was done ████████████████ Ex. 1 [Marks Tr.] at 198:5-18;199:5-200:24; 201:19-205:6; 239:18-240:8; 240:9-13; 276:7-14; 279:11-281:6; 283:14-20; 284:11-285:2. | |
| Issue 1 | Fact 11. UtiliCorp ████████████████ Ex. 1 [Marks Tr.] at 199:22-201:16; 222:19-223:4; 224:20-225:17; 240:9-13; 283:21-284:10. | |
| Issue 1 | Fact 12. UtiliCorp filed federal trademark applications for "Power | |

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | Quality Chat" and "PQ Chat" in June 1995.<br><br>Ex. 6 [TM applications]. | |
| Issue 1 | Fact 13. There is no agreement between AIS and UtiliCorp modifying the Work for Hire Agreement.<br><br>Ex. 1 [Marks Tr.] at 272:20-25; Ex. 3 [Trzyna Tr.[2]] at 187:15-19. | |
| Issue 1 | Fact 14. Dr. Marks assigned his rights in the '491 patent and its continuation applications to AIS on August 15, 1996.<br><br>Ex. 12 ['491 Assignment]. | |
| Issue 1 | Fact 15. Peter Trzyna received a copy of the signed Work for Hire Agreement on ███████<br><br>Ex. 2 [Work for Hire Agreement]; Ex. 3 [Trzyna Tr.] at 193:16-23 | |
| Issue 1 | Fact 16. The source code for the UtiliCorp chat system was submitted to the PTO as an embodiment of the '491 patent invention.<br><br>Ex. 4 ['245 patent] at 4:7-59; Ex. 1 [Marks Tr.] at 228:9-23; Ex. 7 [Source Code]. | |
| Issue 1 | Fact 17. The source code for the UtiliCorp chat system submitted to the PTO became an appendix to the '245 patent and is explicitly referenced in Column 4, Lines 7-59 as "providing a detailed description of a preferred embodiment of the present invention…."<br><br>Ex. 4 ['245 patent] at 4:7-59. | |
| Issue 2 (The asserted claims of the '245 patent are invalid under 35 U.S.C. § 101) | Fact 18. The '245 patent is the only remaining asserted patent in this case, and claim 19 is the only asserted independent claim of that patent.<br><br>Ex. 10 [Jones Rpt.[3]] at ¶¶ 1, 311. | |
| Issue 2 | Fact 19. Claim 19 recites: | |

[2] Citations of "Trzyna Tr." refers to the Deposition of Peter Trzyna taken on October 23, 2018.
[3] Citations of "Jones Rpt." refers to the Expert Report of Dr. Mark T. Jones, dated November 9, 2018.

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | An apparatus to receive a communication via an Internet network, the apparatus including: [a] a computer system, and [b] a plurality of participator computers, [c] each of the participator computers communicatively connected to the computer system responsive to each of the plurality of participator computers being associated with a respective login name and a password; [d] a first of the plurality of participator computers being programmed to communicate such that a private message is sent to the computer system, [e] the private message including a pointer pointing to a communication that includes pre-stored data representing at least one of a video, a graphic, sound, and multimedia; [f] the computer system, including a computer and a database which serves as a repository of tokens for other programs to access, thereby affording information to each of the participator computers which are otherwise independent of each other; wherein [g] the computer system communicates the private message to a second of the plurality of participator computers; and [h] the second participator computer is programmed to receive the communication provided within the private message, which originates from the first participator computer, [i] the communication being sent in real time and via the Internet network, and [j] the second participator computer internally determines whether or not the second participator computer can present the pre-stored data, if it is determined that the second participator computer can not present the pre-stored data then obtaining an agent with an ability to present the pre-stored data, and | |

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | [k] otherwise presenting the pre-stored data independent of the first participator computer.<br><br>Ex. 4 ['245 patent] at claim 19. | |
| Issue 2 | Fact 20. Asserted dependent claim 22 recites:<br>The apparatus of claim 19, wherein the pointer produces the communication on demand.<br><br>Ex. 4 ['245 patent] at claim 22. | |
| Issue 2 | Fact 21. Asserted dependent claim 23 recites:<br>The apparatus of claim 19, wherein the communication includes the pre-stored data representing the video.<br><br>Ex. 4 ['245 patent] at claim 23. | |
| Issue 2 | Fact 22. Asserted dependent claim 24 recites:<br>The apparatus of claim 19, wherein the communication includes the pre-stored data representing the sound.<br><br>Ex. 4 ['245 patent] at claim 24. | |
| Issue 2 | Fact 23. Asserted dependent claim 25 recites:<br>The apparatus of claim 19, wherein the communication includes the pre-stored data representing the sound and the video.<br><br>Ex. 4 ['245 patent] at claim 25. | |
| Issue 2 | Fact 24. The specification states that, at the time of filing of the '245 patent, Internet chat room communications "can involve graphics and certain multimedia capability" and that the World Wide Web "does have certain graphical multimedia capability."<br><br>Ex. 4 ['245 patent] at 1:40-44 and 1:57-60. | |
| Issue 2 | Fact 25. Dr. Marks did not ███████<br>███████████████████████<br><br>Ex. 1 [Marks Tr.] at 303:7-11, | |
| Issue 2 | Fact 26. Dr. Marks did not ██████<br>████████████████ | |

5.

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | Ex. 1 [Marks Tr.] at 325:16-19. | |
| Issue 2 | Fact 27. The system developed by Dr. Marks which became the '245 patent was ███████████████████ ███████████████████ ██████████ ▌ ████████████████<br><br>Ex. 1 [Marks Tr.] at 324:24-325:15. | |
| Issue 2 | Fact 28. At the time of the invention of the '245 patent it was understood that ███████████████████ ███████████████████ ███████████<br><br>Ex. 1 [Marks Tr.] at 309:24-310:7. | |
| Issue 2 | Fact 29. The specification states that the "computer system" of the '245 patent "includes "a digital Controller Computer **3**, such as an Internet service provider-type computer" and "digital Participator Computers **5**, each of which may be an IBM-compatible personal computer with a processor and a DOS operating system."<br><br>Ex. 4 ['245 patent] at 4:65-5:4. | |
| Issue 2 | Fact 30. The hardware described in the written description and asserted claims of the '245 patent was routine, conventional, and well-understood at the time the '245 patent was filed.<br><br>Ex. 5 [Storer Inv. Rpt.[4]] at ¶¶ 217-26. | |
| Issue 2 | Fact 31. Dr. Jones, Windy City's invalidity expert, did not provide any opinion on invalidity under 35 U.S.C. § 101.<br><br>Ex. 8 [Jones Tr.] at 114:1-5. | |
| Issue 3 (Facebook Messenger does not meet the "real time" limitation) | Fact 32. During prosecution of the '245 patent, Windy City argued to the PTO, in response to an Office Action, that messages that are "stored on a server . . . are therefore fundamentally different from communications being sent and received in the claimed real-time." | |

---

[4] Citations of "Storer Inv. Rpt." refers to Expert Report of James A. Storer, Ph.D Regarding Invalidity of U.S. Patent Nos. 8,694,657 and 8,458,245, dated November 9, 2018.

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | Ex. 13 ['245 PH excerpt]. | |
| Issue 3 | Fact 33. Dr. Jones did not conduct any infringement analysis under Facebook's construction of "real time."  Ex. 8 [Jones Tr.] at 25:3-8. | |
| Issue 3 | Fact 34. Dr. Jones was aware of Facebook's proposed construction of "real time" at the time he submitted his infringement report.  Ex. 10 [Jones Rpt.] at ¶ 28; Ex. 8 [Jones Tr.] at 24:5-25:1. | |
| Issue 3 | Fact 35. Dr. Jones testified that in the analysis he performed with respect to Facebook's alleged infringement, the communication is stored on a server.  Ex. 8 [Jones Tr.] at 25:9-13. | |
| Issue 3 | Fact 36. Every Facebook Messenger user has a mailbox that is stored on Facebook's servers and contains all of the user's messages.  Ex. 14 [FB-WC_000000394]. | |
| Issue 3 | Fact 37. In Facebook Messenger, all messages and attachments are stored on at least one server prior to delivery.  Ex. 8 [Jones Tr.] at 25:9-13; Ex. 10 [Jones Rpt.] at ¶¶ 81, 209, 335; Ex. 14 [FB-WC_000000394]; Ex. 15 [FB-WC_000042419]. | |
| Issue 4 (Facebook Messenger does not meet the "private message limitation") | Fact 38. Facebook Messenger uses a system in which, in response to the receipt of a message from a sender, Facebook creates a "delta" message that is delivered to the recipient's device.  Ex. 10 [Jones Rpt.] at ¶¶ 79-81, 209; Ex. 14 [FB-WC_000000394]; Ex. 15 [FB-WC_000042419]. | |
| Issue 4 | Fact 39. The delta message sent to the recipient's client is generated on the server and is not the same as the message that is originally received by Facebook's servers from the sender's device. | |

7.

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | Ex. 8 [Jones Tr.] at 68:24-69:2; 69:14-18; 70:10-14; 70:25-71:4; Ex. 14 [FB-WC_000000394]. | |
| Issue 4 | Fact 40. Dr. Jones testified that, in all the examples he studied for his infringement analysis of Facebook Messenger, he did not identify any instance in which the message that was sent from the sending device to Facebook's servers had the same content as the delta message sent from Facebook's servers to the recipient device.<br><br>Ex. 8 [Jones Tr.] at 70:10-72:3. | |
| Issue 4 | Fact 41. In the Facebook Messenger implementation for the World Wide Web, the message from the sending device is sent to Facebook's servers as an HTTP message.<br><br>Ex. 8 [Jones Tr.] at 56:22-57:18; Ex. 10 [Jones Rpt.] at ¶ 169. | |
| Issue 4 | Fact 42. In the Facebook Messenger implementation for mobile apps (i.e. Android and Apple iOS), the message from the sending device is sent to Facebook's servers is a chat message publishing the topic "t_sm" to the Facebook MQTT server.<br><br>Ex. 8 [Jones Tr.] at 58:2-19; Ex. 10 [Jones Rpt.] at ¶ 331. | |
| Issue 4 | Fact 43. In the Facebook Messenger implementation for the World Wide Web, the delta message received by the recipient's client is formatted using JSON.<br><br>Ex. 8 [Jones Tr.] at 67:22-68:1. | |
| Issue 4 | Fact 44. In the Facebook Messenger implementation for mobile apps (i.e. Android and Apple iOS), the delta message received by the recipient's client is formatted using Thrift.<br><br>Ex. 10 [Jones Rpt] at ¶ 207; Ex. 8 [Jones Tr.] at 67:22-68:5 | |
| Issue 4 | Fact 45. The content of the delta message received by the recipient is different from the content of the chat | |

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | message that goes from the sender to the server.<br><br>Ex. 8 [Jones Tr.] at 69:14-18; 70:10-23; 70:25-72:3; Ex. 16 [Storer Non-Infr. Rpt., Appendix 3]; Ex. 10 [Jones Rpt] at ¶¶ 182, 183, 266, 293. | |
| Issue 5 (Facebook does not directly infringe) | <u>Fact 46</u>. Claim 19 of the '245 patent requires "a plurality of participant computers."<br><br>Ex. 4 ['245 patent] at claim 19. | |
| Issue 5 | <u>Fact 47</u>. According to Windy City's infringement theory, a "participant computer" for purposes of claim 19 is a computer or mobile device running Messenger client software to communicate with the Messenger infrastructure servers and other Messenger users.<br><br>Ex. 10 [Jones Rpt.] at ¶ 317; Ex. 8 [Jones Tr.] at 51:9-19. | |
| Issue 5 | <u>Fact 48</u>. Facebook does not provide, sell, or offer to sell computers, mobile devices, or other computing devices to its end users.<br><br>Ex. 8 [Jones Tr.] at 52:15-24. | |
| Issue 5 | <u>Fact 49</u>. An end user of Facebook Messenger has to use his or her preexisting computing device in order to use Facebook Messenger.<br><br>Ex. 8 [Jones Tr.] at 52:25-53:4. | |
| Issue 5 | <u>Fact 50</u>. Users of Facebook Messenger choose to use Facebook Messenger to send messages, including messages with attachments.<br><br>Ex. 8 [Jones Tr.] at 198:8-11; 198:15-18; 198:23-25. | |
| Issue 5 | <u>Fact 51</u>. Facebook does not force users of Facebook Messenger to send messages, including messages with attachments.<br><br>Ex. 8 [Jones Tr.] at 198:12-14; 198:19-22. | |

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| Issue 5 | <u>Fact 52</u>. The Facebook Terms of Service, effective as of June 2013 and June 2015, both state: "[W]e do not control or direct users' actions on Facebook." <br><br> Ex. 17 [Storer Non-Infr. Rpt.] at ¶ 248. | |
| Issue 6 (Facebook does not indirectly infringe) | <u>Fact 53</u>. Windy City did not provide Facebook with notice of the '245 patent or any allegations of infringement before filing its Complaint on June 2, 2015. <br><br> Ex. 3 [Trzyna Tr.] at 225:17-23; Ex. 18 [WC Resp. to Ind. Rog 9]; Jones Infr. Rpt., ¶ 362; Jones Tr. 20:21-21:6. | |
| Issue 6 | <u>Fact 54</u>. There is no evidence that Facebook had knowledge of the '245 patent prior to the filing of the Complaint on June 2, 2015. <br><br> Ex. 18 [WC Resp. to Ind. Rog 9]; Ex. 10 [Jones Rpt.] at ¶ 362; Ex. 8 [Jones Tr.] at 20:21-21:6. | |
| Issue 6 | <u>Fact 55</u>. Windy City's Complaint asserted infringement of four patents containing 830 total claims. <br><br> D.I. 1 at 2-3, Exs. A, B, C, D. | |
| Issue 6 | <u>Fact 56</u>. Windy City's Complaint did not identify any claims of the '245 patent that Facebook allegedly infringed. <br><br> D.I. 1 at 6-9. | |
| Issue 6 | <u>Fact 57</u>. Windy City did not identify the asserted claims of the '245 patent until October 10, 2016. <br><br> Ex. 19 [Infringement Contentions]. | |
| Issue 6 | <u>Fact 58</u>. Windy City did not provide infringement contentions for the asserted claims of the '245 patent until October 10, 2016. <br><br> Ex. 19 [Infringement Contentions]. | |
| Issue 6 | <u>Fact 59</u>. Facebook did not have knowledge of Windy City's infringement allegations until October 10, 2016. | |

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | Ex. 19 [Infringement Contentions]. | |
| Issue 6 | Fact 60. Facebook did not have knowledge that its users actions allegedly infringed the '245 patent until October 10, 2016.<br><br>Ex. 19 [Infringement Contentions]. | |
| Issue 6 | Fact 61. Facebook did not have knowledge that Facebook Messenger was especially made for allegedly infringing the '245 patent until October 10, 2016.<br><br>Ex. 19 [Infringement Contentions]. | |
| Issue 6 | Fact 62. Facebook's alleged infringement of the '245 patent ended on April 1, 2016.<br><br>Ex. 10 [Jones Rpt.] at ¶ 21; Ex. 8 [Jones Tr.] at 21:16-19; Ex. 20 [Weinstein Rpt.] at ¶ 16; Ex. 21 [Weinstein Tr.[5]] at 52:12-25. | |
| Issue 7 (Facebook is not liable for contributory infringement) | Fact 63. Facebook provides Facebook Messenger to users free of charge.<br><br>Ex. 22 [Deposition of Scott Engelman] at 18:12-25. | |
| Issue 7 | Fact 64. A text-only message does not qualify as a "private message including a pointer pointing to a communication that includes pre-stored data representing at least one of a video, a graphic, sound, and multimedia," as recited in claim 19 of the '245 patent.<br><br>Ex. 8 [Jones Tr.] at 60:12-16. | |
| Issue 7 | Fact 65. A message sent in Facebook Messenger that includes one or more "stickers" (and no other attachment) does not qualify as a "private message including a pointer pointing to a communication that includes pre-stored data representing at least one of a video, a graphic, sound, and multimedia," as recited in claim 19 of the '245 patent. | |

---

[5] Citations of "Weinstein Tr." refers to the Deposition of Roy Weinstein taken on January 9, 2019.

| Issue No. | Facebook's Undisputed Material Facts and Supporting Evidence | Windy City's Response and Supporting Evidence |
|---|---|---|
| | Ex. 8 [Jones Tr.] at 76:3-14. | |
| Issue 7 | Fact 66. A message in Facebook Messenger with more than one intended recipient does not qualify as a "private message" as recited in claim 19 of the '245 patent.<br><br>Ex. 8 [Jones Tr.] at 55:12-19. | |
| Issue 7 | Fact 67. Windy City has not alleged that engaging in a video call infringes claim 19 of the '245 patent.<br><br>Ex. 8 [Jones Tr.] at 197:4-13. | |
| Issue 7 | Fact 68. Windy City has not alleged that engaging in a voice call infringes claim 19 of the '245 patent.<br><br>Ex. 8 [Jones Tr.] at 197:4-13. | |
| Issue 7 | Fact 69. Windy City has not alleged that sending payments through Facebook Messenger infringes claim 19 of the '245 patent.<br><br>Ex. 8 [Jones Tr.] at 197:14-22. | |
| Issue 7 | Fact 70. ███████████<br>███████████████<br>███████████████<br><br>Ex. 23 [Weinstein Exhibit 9]; Ex. 21 [Weinstein Tr.] 132:17-133:12 | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I attest that the evidence cited herein fairly and accurately supports the facts asserted.


February 11, 2018                    COOLEY LLP,

                                     */s/ Phillip E. Morton*
                                     Phillip E. Morton

                                     Attorney for Defendant
                                     Facebook, Inc.